**FILED**

**October 5, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 8:22 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| MARK ELLIOTT, | ) | Docket No. 2017-03-0637 |
| **Employee,** | ) | |
| v. | ) | |
| HERITAGE FOOD SERVICES, INC. | ) | State File No. 38250-2017 |
| d/b/a BEL AIR GRILL, | ) | |
| **Employer,** | ) | |
| And | ) | Judge Pamela B. Johnson |
| THE HARTFORD INSURANCE CO., | ) | |
| **Carrier.** | ) | |

---

### COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the Court on October 1, 2018, on Heritage Food Services, Inc.'s Motion for Summary Judgment. The central legal issue is whether Heritage is entitled to summary judgment due to Mr. Elliott's failure to present evidence at this summary judgment stage supporting essential elements of his claim. For the reasons below, the Court holds that Heritage is entitled to summary judgment and dismisses Mr. Elliott's claim with prejudice.

### History of Claim

On May 13, 2017, Mr. Elliott tripped over another employee and stumbled forward, hyper-extending his leg while working for Heritage. He received medical treatment following his injury and ultimately selected Dr. Rick Parsons from a physician panel offered by Heritage.[1]

Mr. Elliott saw Dr. Parsons on February 6, 2018. Dr. Parsons discussed with Mr. Elliott the results of a lumbar spine MRI, which showed multiple level degenerative disk

---

[1] The submitted medical records indicated Mr. Elliott initially sought care at an emergency room a few days following the work incident but did not receive further medical care until January 2018 when he first saw Dr. Parsons.

disease and changes at L4-L5 with spinal stenosis at L6-S1. Dr. Parsons told Mr. Elliott, "I do not feel like there is anything going on inside the hip itself, I think it is mostly just coming from the back." He referred Mr. Elliott to a spine specialist and released him from care.

Dr. Samuel Yoakum examined Mr. Elliott on April 27 and diagnosed a work-related incident with complaints of back and thigh pain, right hip flexor tendinopathy, and multifactorial degenerative lumbar spinal stenosis with questionable radiculopathy. Dr. Yoakum reviewed the lumbar MRI and x-ray findings with Mr. Elliott, stating, "His hip mechanism could be consistent with a hip flexor strain. The fact that it has been 11 months since his work-related incident and he has had no workup or treatment on this area makes it challenging to determine timeline causation 100%." Dr. Yoakum referred Mr. Elliott to physical therapy and assigned temporary restrictions for the hip flexor strain. He also referred Mr. Elliott back to Dr. Parsons, noting, "I will defer to Dr. Parsons with regard to final determination on the hip flexor strain." Dr. Yoakum determined Mr. Elliott's back issues were not caused by the work-related incident and recommended Mr. Elliott seek treatment outside the work comp system.

On May 8, Dr. Parsons completed a Worklink report for a "R hip" injury and referred Mr. Elliott to "PT." Dr. Parsons did not mark whether the right hip injury "[Was] Work Related," "[Was] Not Work Related," or "Can Not Be Determined."

Mr. Elliott's counsel wrote Dr. Parsons on September 24, asking him to "state, within a reasonable degree of medical certainty, as to whether or not the issue[s] regarding Mr. Elliot[t]'s hip are related to his workers' comp injury of May 13, 2017." Dr. Parsons handwrote, "CAN NOT BE DETERMINED UNTIL THE MRI HAS BEEN DONE." (Emphasis in original).

**Procedural History**

After Heritage denied his claim, Mr. Elliott filed a Petition for Benefit Determination and Request for Expedited Hearing seeking additional medical treatment including a right hip MRI, outstanding medical bills and mileage expenses, and temporary disability benefits. At the Expedited Hearing stage, the Court held Mr. Elliott failed to present sufficient evidence demonstrating that he was likely to prevail at a hearing on the merits on entitlement to additional medical treatment and denied his request for a right hip MRI. The Court also held Mr. Elliott failed to present sufficient evidence regarding payment of outstanding medical bills, mileage expenses, and temporary disability benefits.

Heritage then filed this Motion for Summary Judgment, along with a Statement of Undisputed Facts and a Memorandum of Law. It argued there are no genuine issues of dispute as to any material fact. Specifically, it asserted Mr. Elliott cannot satisfy his

burden of proof that his injury arose primarily out of and in the course and scope of his employment. It contended no physician has stated to a reasonable degree of medical certainty that Mr. Elliott's work primarily caused any injury. In contrast, it emphasized the authorized treating physicians, whose opinions are presumed correct, have not determined that Mr. Elliott's alleged injury arose primarily out of and in the course and scope of his employment.

Mr. Elliott filed a response and argued genuine issues of material fact exist. Mr. Elliott argued Heritage denied the physical therapy and right hip MRI. He further asserted that Dr. Parsons cannot determine whether his right hip complaints are related to the work incident until a right hip MRI is performed.

### Heritage's Objections to Mr. Elliott's Response and Attachments

Mr. Elliott's response contained twelve-numbered paragraphs with only paragraphs 6, 8, 12, and 13 containing partial citations to the record. Mr. Elliott's citations refer to exhibits 1 through 4. However, the attached exhibits are unnumbered but include Heritage's exhibits marked B and C.

At the hearing, Heritage objected to Mr. Elliott's response and attachments on the bases that he failed to properly cite to the record and that his response and attachments included unsupported factual allegations containing hearsay and speculation and lacked authentication. The Court took the objections under advisement.

The Court sustains the objection as to Mr. Elliott's responsive pleading, finding that Mr. Elliott's response contained unsupported factual allegations. To the extent the factual allegations are unsupported by proper citation to the record, the Court will consider the allegations as argument only, not evidence. As to the attachments, the Court overrules the objection as to the May 2, 2018 Worklink record and the September 24, 2018 letter, finding the attachments are signed by a physician authenticating the letters and are not excluded by the hearsay rule under Tennessee Rules of Evidence 803. The Court sustains the objection as to the January 8, 2017 letter as the letter is unsigned, incomplete, lacks authentication, and requires speculation.

### Findings of Fact and Conclusions of Law

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

Heritage must do one of two things to prevail on its motion for summary judgment: (1) submit affirmative evidence that negates an essential element of Mr.

Elliott's claim, or (2) demonstrate that Mr. Elliott's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2017); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Heritage is successful in meeting this burden, Mr. Elliott "may not rest upon the mere allegations or denials of its pleading." *Id.* at 265. Rather, he must respond by producing evidence that sets forth specific facts showing there is a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. He must do more than simply show that there is some metaphysical doubt as to the material facts. *Rye*, at 265.

To determine whether summary judgment is appropriate, the Court looks to whether there are genuine issues of material fact on the essential elements of Mr. Elliott's claim. In doing so, the Court must review the evidence in the light most favorable to Mr. Elliott as the nonmoving party and draw all reasonable inferences favoring him. *Payne v. D and D Elec.*, 2016 TN Wrk Comp App Bd LEXIS 21, at *12 (May 4, 2016).

The Court finds *Payne* analogous to this case. In *Payne*, the employee allegedly slipped or stepped off a stair and felt a pop and pain in his left foot in the course and scope of his work. He sought medical treatment and the attending physician suspected poorly controlled diabetes and underlying osteomyelitis. The employer denied the claim on employee's failure to produce medical evidence indicating that he suffered a work-related injury because of his employment. Following an expedited hearing, the trial court awarded medical benefits and the employer provided a panel of physicians. *See generally, Payne.*

The panel doctor determined the employee suffered from a pre-existing condition that was aggravated by the employee's work injury and noted it was not likely the work injury created the whole problem. The employer denied further benefits. At a second expedited hearing, the trial court denied further benefits on grounds of compensability, finding the employee did not establish by expert medical proof that his left foot condition arose primarily out of and in the course and scope of employment. The employee did not appeal the trial court's order. *Id.*

The employer then filed a summary judgment motion because the employee failed to submit evidence establishing he suffered an injury or aggravation arising primarily out of and occurring in the course and scope of employment. The trial court denied summary judgment, determining that while the employee had not yet presented evidence of the compensability of his claim, a genuine issue of material fact existed concerning the causation opinion the employer relied on. The employer appealed. *Id.*

On appeal, the Workers' Compensation Appeals Board reversed the trial court's denial of the employer's summary judgment motion and remanded the case to the trial court to enter an order granting summary judgment and dismissing the employee's claim on the merits. In doing so, the Appeals Board found the employee's response did not

4

include a medical opinion stating, suggesting, or implying that employee's left foot condition or the aggravation of his pre-existing condition arose primarily out of and in the course and scope of the employment. *Id.* at *10-11. The Appeals Board concluded,

> [W]ith the passage of Tennessee Code Annotated section 20-16-101 and the reexamination of the summary judgment standard in *Rye*, the burden falls to the nonmoving party to produce evidence to establish the essential elements of the nonmoving party's claim in response to the motion for summary judgment. "The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced . . . at a future trial." Thus, in this case, the trial court erred in determining that Dr. Chrostowski's failure to apportion causation "presents a genuine issue of material fact." The fact that Employee may obtain an opinion from Dr. Chrostowski, or any other physician, apportioning a greater percentage of causation to the work incident than to Employee's pre-existing condition is of no consequence if such opinion is not presented at the summary judgment stage.

*Id.* at *11-12 (internal citations omitted).

Here, the Court finds Heritage demonstrated that Mr. Elliott's medical proof is insufficient to establish an essential element of his claim. Dr. Parsons, an authorized treating physician, told Mr. Elliott, "I do not feel like there is anything going on inside the hip itself, I think it is mostly just coming from the back[,]" and referred him to a back specialist, Dr. Yoakum. Thereafter, Dr. Yoakum evaluated Mr. Elliott and determined, "His hip mechanism could be consistent with a hip flexor strain. The fact that it has been 11 months since his work-related incident and he has had no workup or treatment on this area makes it challenging to determine timeline causation 100%." Dr. Yoakum referred Mr. Elliott back to Dr. Parsons, noting, "I will defer to Dr. Parsons with regard to final determination on the hip flexor strain." In response to Mr. Elliott's request for a causation opinion as to his hip complaints, Dr. Parsons advised he could not determine causation until the MRI was completed.

The Court finds Mr. Elliott cannot rely on the argument that the recommended MRI may show a causal relationship between his hip complaints and his work incident. Such argument is speculative and an attempt to forecast future proof. Instead, Mr. Elliott must come forward now, at this summary judgment stage, with expert medical proof demonstrating his hip injury arose primarily out of and in the course and scope of his employment with Heritage. He has not done so. Therefore, the Court concludes no genuine issue of material fact exists and summary judgment is appropriate as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Heritage's Motion for Summary judgment is granted, and Mr. Elliott's claim against Heritage for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling.

2. Heritage shall prepare and file a statistical data form (SD2) with the Court Clerk at wc.courtclerk@tn.gov within ten business days of entry of this order.

3. The filing fee for this case is taxed to Heritage under Tennessee Compilation Rules and Regulations 0800-02-21-.07.

4. Absent an appeal, the order shall become final thirty days after issuance.

**ENTERED October 5, 2018.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Order Granting Summary Judgment was sent to the following recipients by the following methods of service on October 5, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| John R. Rosson, Employee's Attorney | | | X | rossonlaw@aol.com rjoyce1960@aol.com |
| Joseph Ballard, Employer's Attorney | | | X | joseph.ballard@thehartford.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**